IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LONNIE BAUGHN                                                                                          PLAINTIFF

v.                                               CIVIL NO. 15-5263

NANCY A. BERRYHILL,[1] Commissioner
Social Security Administration                                                                        DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Lonnie Baughn, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on January 7, 2014, alleging an inability to work since December 31, 2004,[2] due to high blood pressure, headaches, bleeding in the brain, a hernia, and bad knees.  (Doc. 9, pp. 73, 180, 187).  For DIB purposes, Plaintiff maintained insured status through June 30, 2013.  (Doc. 9, pp. 14, 210).  An

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule  25(d)(1) of the Federal Rules of Civil Procedure.

[2] Plaintiff through his counsel amended his alleged onset date to July 31, 2012. (Doc. 9, pp. 14, 34, 223).

1

administrative video hearing was held on January 23, 2015, at which Plaintiff appeared with counsel and testified. (Doc. 9, pp. 29-58).

By written decision dated March 13, 2015, the ALJ found that during the relevant time periods, Plaintiff had an impairment or combination of impairments that were severe. (Doc. 9, p. 17).  Specifically, the ALJ found Plaintiff had the following severe impairments: hypertension, cardiomegaly, osteoarthritis, non-insulin dependent diabetes mellitus, obesity, and a ventral hernia status post repair.  However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Doc. 9, p. 18).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b).  (Doc. 9, p. 19).  With the help of a vocational expert, the ALJ determined Plaintiff could perform his past relevant work as a short order cook.  (Doc. 9, p. 23).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on September 4, 2015.  (Doc. 9, p. 5).  Subsequently, Plaintiff filed this action.  (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties.  (Doc. 6).  Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 10, 11).

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.  Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F.3d 576, 583 (8th

Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet

or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520, 416.920.

### III.   Discussion:

Plaintiff argues the following issues on appeal: 1) the ALJ failed to find Plaintiff's degenerative disc disease was a severe impairment; and 2) the ALJ reached an RFC determination that is not based on substantial evidence.

#### A.   Insured Status and Relevant Time Periods:

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on June 30, 2013. Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether Plaintiff was disabled during the relevant time period of July 31, 2012, his amended alleged onset date of disability, through June 30, 2013, the last date he was in insured status under Title II of the Act.

In order for Plaintiff to qualify for DIB he must prove that on or before the expiration of his insured status he was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least twelve months or result in death. Basinger v. Heckler, 725 F.2d 1166, 1168 (8th Cir. 1984). Records

and medical opinions from outside the insured period can only be used in "helping to elucidate a medical condition during the time for which benefits might be rewarded." Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir. 2006) (holding that the parties must focus their attention on claimant's condition at the time she last met insured status requirements).

With respect to Plaintiff's SSI application, benefits are not payable prior to the date of application, regardless of how far back disability may, in fact, be alleged or found to extend. See 20 C.F.R. § 416.335. Therefore, the relevant period is from January 7, 2014, the date Plaintiff protectively applied for SSI benefits, through March 13, 2015, the date of the ALJ's decision.

### B. Plaintiff's Impairments:

At Step Two of the sequential analysis, the ALJ is required to determine whether a claimant's impairments are severe. See 20 C .F.R. § 404.1520(c). While "severity is not an onerous requirement for the claimant to meet…it is also not a toothless standard." Wright v. Colvin, 789 F.3d 847, 855 (8th Cir. 2015) (citations omitted). To be severe, an impairment only needs to have more than a minimal impact on a claimant's ability to perform work-related activities. See Social Security Ruling 96-3p. The claimant has the burden of proof of showing he suffers from a medically-severe impairment at Step Two. See Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir.2000).

While the ALJ did not find all of Plaintiff's alleged impairments to be severe impairments during the time periods in question, the ALJ stated that he considered all of Plaintiff's impairments, including the impairments that were found to be non-severe. See Swartz v. Barnhart, 188 F. App'x 361, 368 (6th Cir. 2006) (where ALJ finds at least one "severe" impairment and proceeds to assess claimant's RFC based on all alleged impairments,

any error in failing to identify particular impairment as "severe" at step two is harmless); Elmore v. Astrue, 2012 WL 1085487 *12 (E.D. Mo. March 5, 2012); see also 20 C.F.R. § 416.945(a)(2) (in assessing RFC, ALJ must consider "all of [a claimant's] medically determinable impairments ..., including ... impairments that are not 'severe' "); § 416.923 (ALJ must "consider the combined effect of all [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity"). The Court finds the ALJ did not commit reversible error in setting forth Plaintiff's severe impairments during the relevant time periods.

### C.    Subjective Complaints and Symptom Evaluation:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the record revealed that during the relevant time periods Plaintiff indicated that he was able to take care of his personal needs, prepare simple meals, do light house cleaning slowly, drive, and

6

shop for groceries. (Doc. 9, pp. 258-265). The record also revealed that during the time periods in question, Plaintiff took care of his mother until she passed away in January of 2014. (Doc. 9, p. 255). The record further reveals that Plaintiff received unemployment benefits during the time periods in question. While the receipt of these benefits is not conclusive, applying for unemployment benefits adversely affects credibility because an unemployment applicant "must hold himself out as available, willing and able to work. Smith v. Colvin, 756 F.3d 621, 625 (8th Cir. 2014).

The Court would note that while Plaintiff alleged an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds. Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship). It is noteworthy, that Plaintiff was able to come up with the funds to purchase cigarettes throughout the relevant time periods.

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, he has not established that he is unable to engage in any gainful activity. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### D.     ALJ's RFC Determination and Medical Opinions:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005);

Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and his medical records when he determined Plaintiff could perform light work during the time period in question. The Court notes that in determining Plaintiff's RFC, the ALJ discussed the medical opinions of examining and non-examining medical professionals, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole). The ALJ also took Plaintiff's obesity into account when determining that Plaintiff could perform light work. Heino v. Astrue, 578 F.3d 873, 881-882 (8th Cir. 2009) (when an ALJ references the claimant's obesity during the claim evaluation process, such review may be sufficient to avoid reversal). After reviewing the entire transcript, the Court finds substantial evidence supporting the ALJ's RFC determination for the time periods in question.

8

### E.     Past Relevant Work:

Plaintiff has the initial burden of proving that he suffers from a medically determinable impairment which precludes the performance of past work. Kirby v. Sullivan, 923 F.2d 1323, 1326 (8th Cir. 1991).  Only after the claimant establishes that a disability precludes the performance of past relevant work will the burden shift to the Commissioner to prove that the claimant can perform other work. Pickner v. Sullivan, 985 F.2d 401, 403 (8th Cir. 1993).

According to the Commissioner's interpretation of past relevant work, a claimant will not be found to be disabled if he retains the RFC to perform:

> 1.  The actual functional demands and job duties of a particular past relevant job; *or*
>
> 2.  The functional demands and job duties of the occupation as generally required by employers throughout the national economy.

20 C.F.R. §§ 404.1520(e); S.S.R. 82-61 (1982); Martin v. Sullivan, 901 F.2d 650, 653 (8th Cir. 1990)(expressly approving the two part test from S.S.R. 82-61).

The Court notes in this case the ALJ relied upon the testimony of a vocational expert, who after listening to the ALJ's proposed hypothetical question which included the limitations addressed in the RFC determination discussed above, testified that the hypothetical individual would be able to perform Plaintiff's past relevant work. See Gilbert v. Apfel, 175 F.3d 602, 604 (8th Cir. 1999) ("The testimony of a vocational expert is relevant at steps four and five of the Commissioner's sequential analysis, when the question becomes whether a claimant with a severe impairment has the residual functional capacity to do past relevant work or other work") (citations omitted). Accordingly, the Court finds substantial evidence to support the

ALJ's finding that Plaintiff could perform his past relevant work as a short order cook during the time periods in question.

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 3rd day of March, 2017.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE